UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.:  8:21-cv-00623-JLS-KES                                                                 Date: November 10, 2021
Title:  Adam Figueroa et al v. Anaheim Terrace Care Center LLC

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Elsa Vargas for Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:         ATTORNEYS PRESENT FOR DEFENDANT:
Not Present                                                                           Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 22)**

Before the Court is Plaintiff's Motion to Dismiss.  (Mot., Doc. 22.)  Defendant opposed.  (Doc. 31.)  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for **November 12, 2021 at 10:30 a.m**., is VACATED.  Having considered the pleadings, the parties' briefs, and for the reasons stated below, the Court GRANTS the Motion.

**I.       BACKGROUND**

   **A.       Factual Background**

In 2019, Carmen Bejar Figueroa was admitted to the care of Anaheim Terrace Healthcare, LLC d/b/a Anaheim Terrace Care Center ("ATCC") for physical therapy and rehabilitation following a fall resulting in a fractured femur. (Mot. at 1.)  During her rehabilitation, ATCC went into lockdown in response to the COVID-19 pandemic.  (*Id.*)  Her family was informed on July 15, 2020 that Figueroa had tested positive for COVID-19 and that she was suffering from pneumonia.  (*Id.*)  The facility retained her for nearly twenty days, then transferred her to the Foothill Regional Medical Center for Treatment, but she succumbed to her ailments on August 5, 2020.  (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00623-JLS-KES                              Date: November 10, 2021
Title: Adam Figueroa et al v. Anaheim Terrace Care Center LLC

### B. Procedural History

On February 24, 2021, Plaintiff commenced this action in the Superior Court of the State of California for the County of Los Angeles, entitled *Adam Figueroa, Individually and as heir and Successor in Interest to Carmen Bejar Figueroa, deceased v. Anaheim Terrace Care Center, LLC. et al.*, Cause No. 30-2021-01186015-CU-PO-CJC. (*Id.* at 2.) The Complaint asserts state law claims for (1) violations of the Elder and Dependent Adult Civil Protection Act, Wel. & Instit. Code § 15600, *et seq.*; (2) negligence; and (3) wrongful death. (Compl., Doc. 4-1, at 1.) On April 2, 2021, Defendants removed this case to federal court. (Notice of Removal, Doc. 1.) Plaintiff now seeks to remand this case to state court. (Mot.)

### C. COVID-19 Government Response

On March 10, 2020, the United States Department of Health and Human Services ("HHS") Secretary issued a Declaration invoking the Public Readiness and Emergency Preparedness Act ("PREP Act") for the COVID-19 pandemic, which was effective as of February 4, 2020. (Ex. B to RFJN, Doc. 32-2, 85 Fed. Reg. 15198.)[1] On April 15, 2020, the HHS Secretary issued an Amended Declaration under the PREP Act, which added approved respiratory protective devices as a covered countermeasure under the Act. (Ex. C to RFJN, Doc. 32-3, 85 Fed. Reg. 21012, 21013.)

Several Advisory Opinions ("AOs") have been issued by the HHS Office of the General Counsel ("OGC"). (Exs. G, H, and DD to RFJN, Docs. 32-7, 32-8, 32-30.) On December 9, 2020, the HHS Secretary published a Fourth Amendment to the Declaration under the PREP Act, which incorporates the AOs into the Declaration itself. (Ex. E to RFJN, Doc. 32-5, 85 Fed. Reg. 79191, 79194-79195.) The Fourth Amendment provides that "there are substantial federal legal and policy issues, and substantial federal legal and policy interests within the meaning of *Grable & Sons Metal Products, Inc. v. Darue*

---

[1] The Court GRANTS ATCC's Request for Judicial Notice. (Doc. 32.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00623-JLS-KES  Date: November 10, 2021

Title: Adam Figueroa et al v. Anaheim Terrace Care Center LLC

*Eng'g. & Mf'g.*, 545 U.S. 308 (2005), in having a unified, whole-of-nation response to the COVID-19 pandemic among federal, state, local, and private-sector entities" and in "having a uniform interpretation of the PREP Act." (*Id.* at 85 Fed. Reg. 79194.)  The Fourth Amendment also clarified that the Declaration "must be construed in accordance with the [HSS OGC] Advisory Opinions" addressing the PREP Act" and the amendment expressly incorporates the AOs for that purpose. (*Id.* at 85 Fed. Reg. 79194-79195.) HHS OGC has also noted that "[t]he *sine qua non* of a statute that completely preempts is that it establishes either a federal cause of action, administrative or judicial, as the only viable claim or vests exclusive jurisdiction in a federal court.  The PREP Act does both." (Ex. DD to RFJN, AO 21-01, p. 2.)  The HHS Secretary subsequently reiterated that "[t]he plain language of the Prep Act makes clear that there is complete preemption of state law" which "is justified to respond to the nation-wide public health emergency caused by COVID-19." (Ex. CC to RFJN, Doc. 32-29, 86 Fed. Reg. 7872, 7874.)

## II.    LEGAL STANDARD

A defendant may remove a civil action from state to federal court so long as jurisdiction originally would lie in federal court. 28 U.S.C. § 1441(a).  There is a strong presumption against removal jurisdiction, and the removing party has the burden of establishing the propriety of removal. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III.   DISCUSSION

ATCC asserts three bases for federal jurisdiction: (1) the PREP Act is a complete preemption statute; (2) federal jurisdiction is warranted under the *Grable* Doctrine; or (3) this Court has jurisdiction under the Federal Officer Statute.  The Court will address each in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00623-JLS-KES                          Date: November 10, 2021
Title:  Adam Figueroa et al v. Anaheim Terrace Care Center LLC

### D. PREP Act Preemption

ATCC asserts that this Court has jurisdiction over this case because the PREP Act is a complete preemption statute.

"When [a] federal statute completely pre-empts [a] state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). "A claim that is, on its face, a state law claim can be considered to arise under federal law if 'Congress intended the scope of federal law to be so broad as to entirely replace any state-law claim.'" *Hie v. La Mirada Healthcare, LLC*, 2021 WL 4902463, at *2 (C.D. Cal. Oct. 20, 2021) (quoting *Retail Prop. Tr. v. United Bd. Of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014)). Complete preemption that confers federal question jurisdiction is exceedingly rare. *See City of Oakland v. BP PLC*, 969 F.3d 895, 905 (9th Cir. 2020) ("The Supreme Court has identified only three statutes that meet this criteria [for complete preemption].") The Ninth Circuit has held that complete preemption exists only when Congress: (1) "intended to displace a state-law cause of action," and (2) "provided a substitute cause of action." *Id.* at 906.

And the majority of district courts to consider whether the PREP Act completely preempts state law causes of action have held that it does not. *See. e.g., Risner v. Silverscreen Healthcare Inc.*, 2021 WL 4806371, at *2 (C.D. Cal. Oct. 13, 2021) ("The Central District has decided nearly two dozen cases concerning federal jurisdiction under the PREP Act in wrongful death and negligence claims arising from the COVID-19 death of a skilled nursing facility resident. Every case in this District that has considered a remand under Defendants' theories, except one, has found that the federal courts lack jurisdiction, making removal improper and requiring remand."); *Hie*, 2021 WL 4902463, at *2; *Stone v. Long Beach Healthcare Ctr., LLC*, 2021 WL 1163572, at *4-*7 (C.D. Cal. Mar. 26, 2021); *Lyons v. Cucumber Holdings, LLC*, 520 F. Supp.3d 1277, 1285-86 (C.D. Cal. 2021); *Winn v. California Post Acute LLC*, 2021 WL 1292507, at *4 (C.D. Cal. Apr. 6, 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00623-JLS-KES                                     Date: November 10, 2021
Title:  Adam Figueroa et al v. Anaheim Terrace Care Center LLC

  ATCC's arguments for complete preemption are not persuasive.  ATCC has not illustrated that the two-prong Ninth Circuit test for complete preemption has been satisfied.  First, ATCC provides "no evidence that Congress intended to preempt all claims against any healthcare provider relating to a death from COVID-19," *Hie*, 2021 WL 4902463, at *2, besides its citation to two cases that conclude that the PREP Act is a complete preemption statute.  (*See* Opp. at 5-6.)  Second, there is no indication that there is adequate federal alternative means of redress provided by the PREP Act, as a plaintiff can file a claim under the Act itself only for willful misconduct.  ATCC counters that "[f]or claims that do not assert 'willful misconduct,' the exclusive remedy for relief is established under [42 U.S.C. § 247d-6e], which permits an individual to claim no-fault benefits through the Covered Countermeasure Process Fund for a 'covered injury directly caused by the administration or use of a covered countermeasure." (Opp. at 8.)  But as other courts have explained, the Covered Countermeasures Process Fund "explicitly covers only harms from the application of covered countermeasures," but this provides no basis for relief where a plaintiff, as here, "complains, in part, of a *failure to use* covered countermeasures." *Hie*, 2021 WL 4902463, at *2.

  Alternatively, ATCC contends that the HHS Secretary's declarations and HHS's AOs are controlling, or are at least entitled to *Chevron* deference, and those agency opinions support that "the HHS Secretary intended for HHS' private sector partners, such as Anaheim Terrace, to receive the exclusive federal jurisdiction and immunity protections provided by the PREP Act." (Opp. at 9.)  But ATCC does little to demonstrate that even if given deference, those declarations support jurisdiction here.  (*See id.* at 9 (citing only that the HHS Secretary has declared that "there are substantial federal legal and policy interests . . . in having a uniform interpretation of the PREP Act" (quoting Ex. E to RFJN, 85 Fed. Reg. 79190, 79194); *see id.* (stating that the HHS Secretary recognizes that "[t]hrough the PREP Act, Congress delegates to [HHS] the authority to strike the appropriate Federal-state balance").)

  What is more, the Court agrees with the reasoning of other courts to consider the weight of these agency opinions; the HHS declarations and AOs are not persuasive and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00623-JLS-KES  Date: November 10, 2021
Title: Adam Figueroa et al v. Anaheim Terrace Care Center LLC

not entitled to deference. *See Hie*, 2021 WL 4902463, at *3 ("Neither [HHS] Declaration nor the advisory opinion is binding on this Court because there is no indication that HHS has been delegated any authority to interpret the somewhat esoteric federal jurisdiction doctrines at issue."); *Maude Fox v. Cerritos Vista Healthcare Ctr. LLC*, 2021 WL 4902464, at *3 (C.D. Cal. Oct. 20, 2021) (quoting same); *Thomas v. Century Villa Inc.*, 2021 WL 2400970, at *5 (C.D. Cal. June 10, 2021) ("The Court here finds that Advisory Opinion 21-01 is not persuasive because it does not support its contention that a statute can completely preempt state law claims by providing only an administrative remedy."); *Lawler v. Cedar Operations, LLC*, 2021 WL 4622414, at *6 (C.D. Cal. Oct. 7, 2021).

As the Court concludes that the PREP Act is not a complete preemption statute, it declines to reach ATCC's argument that Plaintiff's allegations fall squarely within the parameters of the PREP Act. (*See* Opp. at 12.)

### E. *Grable* Doctrine

Alternatively, ATCC contends that federal jurisdiction is warranted under the *Grable* Doctrine. (*See* Opp. at 18.) ATCC points to the HHS Secretary's declaration that the PREP Act confers separate, independent grounds for federal question jurisdiction under *Grable* because "there are substantial federal legal and policy interests within the meaning of [*Grable*], in having a uniform interpretation of the PREP Act." (*Id.* (quoting Ex. E to RFJN, 85 Fed. Reg. 79194).) ATCC also states that the "January 8, 2021 . . . AO also emphasizes that 'ordaining the metes and bounds of PREP Act protection in the context of a national health emergency necessarily means that the case belongs in federal court.'" (*Id.* (quoting Ex. DD to RFJN, AO 21-01, pgs. 4-5).)

For the same reasons provided above, the Court concludes that the HHS Secretary's declarations and AOs are not entitled to deference and are not persuasive. The Court has reviewed the agency opinions and finds that they are not persuasive because they lack any analysis supporting the basis for federal jurisdiction pursuant to the *Grable* Doctrine. *See Thomas*, 2021 WL 2400970, at *6 ("Amendment Four, however, is not persuasive because, without providing any analysis, it merely states that [there is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00623-JLS-KES                                              Date: November 10, 2021

Title:  Adam Figueroa et al v. Anaheim Terrace Care Center LLC

jurisdiction under *Grable*]."); *see id.* (advisory opinion "unhelpful" because the PREP Act was "not an essential element of any of Plaintiff's claims"); *Lawler*, 2021 WL 4622414, at *6 ("Neither the Secretary nor the OGC explained why *Grable*'s requirements are met solely because there is a substantial federal interest in a unified response to the COVID-19 pandemic.  Such an analysis ignores other of *Grable*'s factors—that a substantial interest exists does not mean that it is necessarily raised by a plaintiff's claims in cases such as the present action.  The Court follows various other courts in this district in not giving weight to the conclusory *Grable* analyses of the Secretary and the OGC.").

  **F.**  **Federal Officer Removal**

  Lastly, ATCC argues that federal officer removal is available under 28 U.S.C. § 1442(a)(1), which provides for removal when a defendant is sued for acts undertaken at the direction of a federal officer.  (Opp. at 19.)  Removal is appropriate under § 1442(a)(1) when the removing defendant establishes that: (1) defendant is a person within the meaning of the statute; (2) defendant was acting under the direction of a federal officer; (3) there is a causal nexus between the plaintiff's claims and the defendant's actions under federal direction; and (4) defendant has raised a colorable defense based upon federal law.  *Goncalves v. Rady Children's Hospital San Diego*, 865 F.3d 1237, 1244 (9th Cir. 2017).

  ATCC has failed to establish that it acted "pursuant to a federal officer's directions."  *Id.*  ATCC alleges only that it acted on the basis of public health guidance and federal directives issued by the Centers for Disease Control and Prevention ("CDC") and Centers for Medicare & Medicaid Services ("CMS").  A private firm's "compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.'"  *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153 (2007).  "[T]hat is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored."  *Id.*  Courts have regularly held that various facilities' compliance with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00623-JLS-KES                                                   Date: November 10, 2021
Title:  Adam Figueroa et al v. Anaheim Terrace Care Center LLC

"general regulations and public directives regarding the provision of medical services" related to the COVID-19 pandemic has been insufficient to confer federal jurisdiction under the federal officer removal statute.  *Lyons*, 520 F. Supp.3d at 1283-84; *Martin Serrano Post Acute LLC*, 2020 WL 5422949, at *1 (C.D. Cal. Sept. 10, 2020); *Saldana v. Glenhaven Healthcare, LLC*, 2020 WL 6713995, at *3 (C.D. Cal. Oct. 14, 2020); *Stone*, 2021 WL 1163572, at *8.

Thus, federal officer removal is not available here.  As ATCC has failed to carry its burden to demonstrate there is federal jurisdiction for Plaintiff's claims, the Court grants Plaintiff's Motion to Remand.

### IV.     CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion.  The case is REMANDED to the Superior Court of California for the County of Orange, Case No. 30-2021-01186015-CU-PO-CJC.

Initials of Deputy Clerk: eva/mku